**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ISIDRO GALLEGOS,

    Plaintiff,

  v.                                                 No. CV 10-0610 BB/GBW

JOE WILLIAMS,
LAWRENCE JARAMILLO,
HOPE SALAZAR,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The filing fee for this civil rights complaint is $350.00. Plaintiff is required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information in Plaintiff's filings, the Court will grant Plaintiff leave to proceed IFP and waive the initial partial payment pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss certain of Plaintiff's claims.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be

futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff is incarcerated in the Penitentiary of New Mexico. The complaint contains two claims based on allegations that Defendant Salazar, who is Plaintiff's caseworker, refuses to approve his parole plan. Plaintiff asserts that Defendant's actions are in violation of applicable regulations and violate his rights under the Eighth and Fourteenth Amendments. The complaint seeks damages and certain equitable relief.

The complaint names the New Mexico Secretary of Corrections and the warden as Defendants. Plaintiff makes no allegations against these Defendants except to state that they are supervisors of Defendant Salazar. This allegation against Defendants does not affirmatively link them to the asserted violations. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, a plaintiff must allege some personal involvement by a defendant in the asserted constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a supervisor may not be based solely on a theory of respondeat superior liability for the actions of subordinates. *See id.* The Court will dismiss Plaintiff's claims against Defendants Williams and Jaramillo.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff make monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee, and the Clerk is directed to provide Plaintiff with two copies of the post-filing financial certificate;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Williams and Jaramillo are DISMISSED, and Defendants Williams and Jaramillo are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Salazar.

_____
UNITED STATES DISTRICT JUDGE