IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISIDRO GALLEGOS,

    Plaintiff,

v.                      No. CV 10-610 BB/GBW

HOPE SALAZAR, Case Worker,

    Defendant.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Complaint (*Doc. 1*) and Defendant's "Answer and Motion to Dismiss" ("Motion to Dismiss") (*Doc. 9*). Having examined the pleadings, arguments of the parties, and relevant law, the Court now Orders both parties to produce the materials outlined below.

## BACKGROUND

On June 24, 2010, Plaintiff filed his Complaint. *Doc. 1.* Therein, Plaintiff avers that Defendant violated his civil rights in contravention of the Eighth and Fourteenth Amendments to the U.S. Constitution as well as 42 U.S.C. § 1983. *Doc. 1* at 2-8. In his words, Plaintiff claims that Defendant, while acting under color of state law, "violated [P]laintiff's 8th Amendment to treat. [sic] Plaintiff equal to law or gender" by failing to approve his parole plan. *Id.* at 6. Further, Plaintiff contends that Defendant "is dicriminateing [sic] toward Plaintiff stateing [sic] that because of his accused by Dept. Of

-1-

Corrections being a gang member he will be refused [parole]." *Id.* at 4. Based upon these violations, Plaintiff prays this Court direct prison administrators to "process all posible [sic] parole plans of Plaintiff," while also awarding him a money judgment. *Id.* at 8.

For her part, Defendant denies Plaintiff's claim, advances a number of affirmative defenses, and moves to dismiss his Complaint. *Doc. 9* at 2-4. Among the defenses contained in her Motion to Dismiss, Defendant asserts that Plaintiff has failed to exhaust his administrative remedies. *Id.* at 4. By Defendant's estimation, "Plaintiff's claims are barred in whole or part under the Prison Litigation Reform Act because of his failure to exhaust his administrative remedies." *Id.*

## STANDARD

Under the Prison Litigation Reform Act ("PLRA"), plaintiffs are required to exhaust all available administrative remedies prior to filing this suit in federal court. 42 U.S.C. § 1997e(a) (2006).[1] Failure to do so can result in the dismissal of their action. *See, e.g., Jernigan v. Stuchell*, 304 F.3d 1030, 1032-33 (10th Cir. 2002). Nonetheless, PLRA exhaustion is an affirmative defense rather than a jurisdictional prerequisite. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Correspondingly, "the burden of proof for the exhaustion of administrative

---

[1] The statute provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, 484 F.3d 1236, 1241 (10th Cir. 2007).

## **DISCUSSION**

Lack of exhaustion has now been advanced as a defense to Plaintiff's claims. *Doc. 9* at 4. To substantiate the defense and carry her burden, Defendant must necessarily proffer materials to the Court evincing Plaintiff's failure to exhaust administrative remedies. *See Roberts*, 484 F.3d at 1241. As part of her Motion to Dismiss, however, such a proffer would not have been proper.

For the Court to properly rule on the defense of lack of exhaustion, the Court requires substantiation from Defendant. Under *Martinez v. Aaron,* 570 F.2d 317, 320 (10th Cir. 1978), the Court may order defendants to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or a legal basis for determining whether a prisoner plaintiff has a meritorious claim. *See, e.g., Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). Nevertheless, at this stage in Plaintiff's case, the Court need not order the production of a complete *Martinez* report. Rather, the Court's instant inquiry concerns Defendant's lack of exhaustion defense, and to that end, the Court believes a more limited proffer from Defendant may suffice. Therefore, the Court will order Defendant to produce all documentation in Plaintiff's penitentiary file related to administrative grievances filed by

Plaintiff along with an appropriate affidavit from the relevant custodian of the records indicating that the produced documents include all such documentation. If no such documents exist, Defendant shall produce an appropriate affidavit from the relevant custodian of the records establishing the non-existence.

Based on this ruling, it follows that the Court's inquiry will not be confined to the four corners of Plaintiff's Complaint. As a consequence, the Court will transition to considering Defendant's Motion to Dismiss "as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." *Douglas v. Norton*, 167 F. App'x 698, 704–05 (10th Cir. 2006). Recognizing this, once Defendant supplies the Court with the materials requested in this Order, Plaintiff will be allowed thirty (30) days to draft a response to the motion for summary judgment to which he shall attach any and all documentation in his possession related to grievances he has filed with administrative authorities related to the instant claims.

## CONCLUSION

Defendant is **HEREBY ORDERED** to produce for this Court's review, **within thirty (30) days** of the filing of this Order, any and all documentation in Plaintiff's penitentiary file related to administrative grievances filed by Plaintiff along with an appropriate affidavit from the relevant custodian of the records.

**Within thirty (30) days** of the filing of these documents, Plaintiff is **HEREBY**

**ORDERED** to respond to Defendant's motion for summary judgment, and as part of that response, Plaintiff **SHALL INCLUDE** any and all evidence in his possession related to the exhaustion of administrative remedies (including any documentation regarding grievances) on the claims he advances in the instant suit.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE