IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ISIDRO GALLEGOS,

    Plaintiff,

v.                                                            No. CV 10-610 BB/GBW

HOPE SALAZAR, Case Worker,

    Defendant.

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court on Defendant's "Answer and Motion to Dismiss" ("Motion to Dismiss") and Defendant's "Response to Order to Produce" ("Response"). *Docs. 9, 11.* Having reviewed the Motion to Dismiss, the record, and extant case law, this Court recommends that Plaintiff's Complaint be dismissed.

**I.    PROCEDURAL HISTORY**

On June 24, 2010, Plaintiff filed his Complaint. *Doc. 1.* Therein, Plaintiff avers that Defendant violated his civil rights in contravention of the Eighth and Fourteenth Amendments to the U.S. Constitution as well as 42 U.S.C. § 1983. *Doc. 1* at 2-8. In his words, Plaintiff claims that Defendant, while acting under color of state law, "violated [P]laintiff's 8th Amendment to treat. [sic] Plaintiff equal to law or gender" by failing to approve his parole plan. *Id.* at 6. Further, Plaintiff contends that Defendant "is dicriminateing [sic] toward Plaintiff stateing [sic] that because of his accused by Dept. Of Corrections being a

-1-

gang member he will be refused [parole]." *Id.* at 4. Based upon these violations, Plaintiff prays this Court direct prison administrators to "process all posible [sic] parole plans of Plaintiff," while also awarding him a money judgment. *Id.* at 8.

For her part, Defendant denies Plaintiff's claim, advances a number of affirmative defenses, and moves to dismiss his Complaint. *Doc. 9* at 2-4. Among the defenses contained in her Motion to Dismiss, Defendant asserts that Plaintiff has failed to exhaust his administrative remedies. *Id.* at 4. By Defendant's estimation, "Plaintiff's claims are barred in whole or part under the Prison Litigation Reform Act because of his failure to exhaust his administrative remedies." *Id.*

Recognizing Defendant's advancement of exhaustion as an affirmative defense, in lieu of a full *Martinez* report, the Court ordered her to proffer substantiation for this defense. *Doc. 10*. Specifically, the Court ordered Defendant to:

> [P]roduce all documentation in Plaintiff's penitentiary file related to administrative grievances filed by Plaintiff along with an appropriate affidavit from the relevant custodian of the records indicating that the produced documents include all such documentation. If no such documents exist, Defendant shall produce an appropriate affidavit from the relevant custodian of the records establishing the non-existence.

On May 16, 2011, Defendant timely filed her Response. *Doc. 11.*

In the Order to Produce, the Court placed all parties on notice that, upon receipt of Defendant's Response, it would not "be confined to the four corners of Plaintiff's Complaint," but rather, would transition to considering Defendant's Motion to Dismiss as

a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *Doc. 10* at 4 (citing *Douglas v. Norton*, 167 F. App'x 698, 704-05 (10th Cir. 2006)). Correspondingly, the Court accorded Plaintiff thirty (30) days from the time of Defendant's Response to file his own Response, with "any and all evidence in his possession related to the exhaustion of administrative remedies." *Id.* at 5. As of this date - nearly sixty (60) days since he was ordered to do so - Plaintiff has yet to file a response.

## II.     APPLICABLE LAW

### A.     Summary Judgment Standard

A court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2011). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing former version of rule 56). When an affirmative defense is raised in a motion for summary judgment, the defendant must demonstrate that "no disputed material fact exists regarding the affirmative defense asserted." *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997). *See Hesterlee v. Cornell Cos. Inc.*, 351 F. App'x 279, 281 (10th Cir. 2009) (applying *Hutchinson* to case in which prison officials moved for summary judgment, contending that inmate had failed to exhaust administrative remedies regarding his claim that guards had beaten him, thereby violating his Eighth Amendment rights under § 1983). "If the defendant meets this initial burden, the plaintiff must then demonstrate *with specificity* the existence of a disputed material fact." *Hutchinson*, 105 F.3d at 564 (emphasis added). Most importantly,

"[i]f the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law." *Coit v. Zavaras*, 280 F. App'x 791, 792 (10th Cir. 2008) (quoting *Hutchinson*, 10 F.3d at 564).

### B. Law Regarding Exhaustion of Remedies Under the Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA") states, in pertinent part: "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a) (2006). As interpreted by the Supreme Court, "[t]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). In its own words, the Court observed:

> [Although] [o]nce within the discretion of the district court, exhaustion in cases covered by 42 U.S.C. § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action[s] . . . brought with respect to prison conditions," whether under § 1983 or "any other Federal law."

*Id.* at 524 (citations and some internal quotation marks omitted).

The nature and extent of information an inmate must provide in his administrative

grievance to satisfy PLRA's exhaustion requirement depends upon what the state's administrative system requires. *Jones v. Bock*, 549 U.S. 199, 203 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). As to content, the Supreme Court has made clear that what is required for an inmate to exhaust prison-grievance proceedings is not the same as the "[p]roof requirements once a case is in court." *Porter,* 534 U.S. at 529. Under Tenth Circuit precedent, provided an inmate timely submits all the information in his grievance that the prison requires, "a grievance will satisfy [PLRA's] exhaustion requirement so long as it is not so vague as to preclude prison officials from taking appropriate measures to resolve the complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1283 (10th Cir. 2006) (internal quotation marks omitted).

### III.  DISCUSSION

The affirmative defense of exhaustion has been advanced and corroborated by evidence that leaves no dispute of material fact concerning Plaintiff's failure to exhaust. For this and the more specific reasoning articulated below, I recommend dismissing all of Plaintiff's claims.

### A.  The Administrative Record Contains No Relevant Grievance

The record supports Defendant's claim that Plaintiff failed to exhaust his administrative remedies. Although Defendant advanced this defense in her Motion to

Dismiss,[1] this Court, recognizing that exhaustion requires reference to a record or affidavits evidencing a lack thereof, ordered Defendant to provide all records related to Plaintiff's grievance filing. *Doc. 10.* Having now received the relevant portions of the administrative record, this Court finds that the record supports the defense.

Collectively, the record supplied by Defendant contains references to four separate grievances filed by Plaintiff. These grievances cover a period of time beginning on March 23, 2004, to April 22, 2010. *Doc. 11*, Ex. 3 at 1-2. In chronological order, these grievances relate to: (1) a complaint over phone privileges, (2) destruction of personal property during a cell search; (3) return of personal property; and (4) transport of Plaintiff for medical treatment. *Id.*, Ex. 3 at 3-21. Nowhere in the text of these grievances or in the documentation relating to their investigation is any mention made of a parole grievance, of discrimination, of Defendant Salazar, or of Plaintiff's grievance against Defendant Salazar. *Id.*

As evidence that these grievances represent the extent of Plaintiff's complaints, Defendant attaches two distinct affidavits. The first of these derives from Mr. Wayne Gallegos ("Mr. Gallegos"), the Grievance Officer at the Penitentiary of New Mexico located in Santa Fe, New Mexico. *Id.*, Ex. 3 at 1. Therein, Mr. Gallegos communicates that he has "access to all inmate grievance records maintained centrally" by the New Mexico Corrections Department ("NMCD"), and that he is "the custodian of all inmate grievances filed." *Id.* He explains that he has "reviewed all grievances" filed by Plaintiff, and in doing so, discovered

---

[1]   *Doc. 9* at 4.

the four grievances detailed above. *Id.*, Ex. 3 at 1-2. Moreover, he notes that none of those four grievances were appealed. *Id.*, Ex. 3 at 2. Most importantly, he reports that, based upon his examination of the record, Plaintiff "has not file[d] any grievances regarding discriminating behavior by [Defendant] or any grievance naming [Defendant] whatsoever." *Id.*

In addition, Defendant appends the affidavit of Mr. Ralph Causus ("Mr. Causus"), the Grievance Appeals Coordinator for NMCD. *Id.*, Ex. 2. In his affidavit, Mr. Causus represents the following: "I am the custodian of all inmate grievance appeals requesting Secretary of NMCD review of a warden's final decision. These appeals are logged in when received and responded to promptly." *Id.*, Ex. 2 at 1. Moreover, Mr. Causus attests, "I have further reviewed the appeals record for NMCD. Those records establish that [Plaintiff] has not filed any grievance appeals regarding discriminating behavior by [Defendant], any grievance appeals regarding an issue with his parole plans, or any grievance whatsoever." *Id.*

Based upon this record, I find no material dispute that Plaintiff failed to exhaust the administrative remedies available to him. The record plainly conveys that Plaintiff failed to file, appeal, or act administratively upon his grievance with Defendant.[2] Furthermore, by

---

[2] As further support for this finding, I cannot help but observe Plaintiff's subjective awareness of NMCD grievance procedures. In the six years preceding the filing of this action, Plaintiff filed no less than four individuated grievances against prison officials. The last of these was filed on April 22, 2010, concerning his medical transport. Thus, just *two months* before filing this federal suit, Plaintiff was exercising the administrative grievance procedures available to him on another matter.

not responding to this Court's Order, Plaintiff failed to demonstrate with specificity the existence of a disputed material fact, as the law requires to overcome this defense. *Hutchison*, 105 F. 3d at 564. Consequently, the PLRA and its exhaustion requirement bar Plaintiff's claims, and as a result, I recommend granting Defendant summary judgment as a matter of law.

## IV.   CONCLUSION AND RECOMMENDED DISPOSITION

Having reviewed the facts of the case, the parties' submissions, and extant case law, **I HEREBY RECOMMEND** that Plaintiff's claims be dismissed in their entirety, but without prejudice, for failure to exhaust administrative remedies in accordance with 42 U.S.C. § 1997e(a).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE